[No. 4603.]

THE IRON SILVER MINING COMPANY v. COWIE (SUB-
STITUTED FOR MILLS), SECRETARY OF STATE.

1.  Corporations—Franchises—Mandamus—Jurisdiction.

An action of mandamus by a foreign corporation to compel the secretary of state to file its annual report and to issue to it a certificate that all fees and taxes had been paid, which was refused by the secretary on the ground that 20 years having expired since the corporation filed its certificate of incorporation it

had no legal existence in the state, and in which the question of the legal existence of the corporation was treated by both parties as the sole issue, involves a franchise so as to confer upon the supreme court jurisdiction to review the judgment therein.

**2.  Corporations—Foreign Corporations—Terms of Existence.**

Under section 473, Mills' Ann. Stats., limiting the term of existence of corporations organized in this state to twenty years and section 499 providing that foreign corporations shall be subject to all the liabilities and restrictions and have no greater powers than corporations organized in the state, the term of existence of a foreign mining corporation will expire in this state in twenty years from the date it files its certificate of incorporation with the secretary of state unless it complies with our statute relating to the extension of the term of existence of corporations, although the term for which it was incorporated in another state may not have expired.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN A. EWING, for appellant.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE, assistant attorney general, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The appellant company filed its certificate of incorporation in the office of the secretary of state of the state of New York on the 4th day of March, 1880, and thereby, under the laws of that state, became an incorporated company with authority to engage in mining.   On the 18th of the same month it complied with all the conditions of the laws of Colorado to which a foreign corporation must submit in order to secure the right to begin business in this state.   Thereafter it acquired mining property situate in this state and herein carried on the business for which it was incorporated.

By section 473, Mills' Ann. Stats., the term of existence of a similar corporation organized under the laws of this state cannot exceed twenty years, and by

section 499, Mills' Ann. Stats., foreign corporations which are permitted to do business in this state are subject "to all the liabilities, restrictions and duties which are or may be imposed upon corporations of like character organized under the general laws of this state, and shall have no other or greater powers." By section 11 of the act of April 6, 1901 (Session Laws 1901, 116), corporations doing business in this state, both domestic and foreign, are required to make and file in the office of the secretary of state annual reports giving the information which the act calls for. In conformity therewith, appellant, on the 14th of February, 1902, made and executed its annual report and presented the same to the secretary of state for filing, tendering the necessary fee therefor, and demanded, as the act provides, that the secretary of state issue to it a certificate setting forth the fact that full payment had been made by appellant of all the fees and taxes prescribed by law to be paid. But the secretary of state refused to accept or file the report and to execute the certificate demanded, and based his refusal upon the assertion that the corporate existence of appellant terminated on the 18th day of March, 1900, twenty years after the copy of its certificate of incorporation was filed in the office of the secretary of state of Colorado, and that appellant had not complied with our laws applicable as he says, both to domestic and foreign corporations wich permit them to extend the term of their incorporation by doing certain things and paying the prescribed fee. —Session Laws 1899, 163.

Thereupon appellant, as plaintiff below, brought this action for a writ of mandamus to compel the secretary of state to file its annual report and issue the certificate in question. The district court denied the application and dismissed the action, and its judgment is brought here for review.

1.  ·Upon the oral argument, the court, of its own motion, raised the question of its jurisdiction. Unless a franchise is involved, it does not possess it. The right of the appellant company to exercise any of its franchises within this state might have been raised by a proceeding in the nature of *quo warranto* at the instance of the secretary of state. The avowed object of the present action was to test the question as to whether or not plaintiff has a legal existence within this state, and that question has been by both parties treated as the only one in the case. The denial of the writ of mandamus rested altogether upon a decision by the trial court that appellant's legal existence within this state terminated before its annual report was presented for filing. In other words, the judgment below was based upon a judicial determination that appellant could no longer exercise any corporate franchise within this state. A franchise therefore is necessarily involved in the controversy, which properly invokes the jurisdiction of this court.—*C. & W. I. R. R. Co. v. Dunbar,* 95 Ills. 571; *Coal & Mining Co. v. Edwards,* 103 Ills. 472; *Memphis R. R. Co. v. Commissioners,* 112 U. S. 609; 6 Thompson on Corporations, § 7902.

2.   The position of appellant is that the clause of section 499 above quoted does not apply to the creation and organization of foreign corporations, but only to the things which domestic corporations are restricted from doing in carrying on their business, and subjects foreign corporations only to such liabilities as apply to domestic corporations in carrying on their business, after their creation.

This provision is substantially the same as the Illinois law, from which apparently it was copied. Its interpretation has been before the supreme court of that state and in *Stevens v. Pratt et al.,* 101 Ills. 206, 217, Mr. Justice Scholfield said: "Where the

general laws of this state provide for the organization of corporations, foreign corporations of like character doing business in this state shall exercise no greater or different powers, and shall be subject to the same liabilities, restrictions and duties. The manifest and only purpose was to produce uniformity in the powers, liabilities, duties and restrictions of foreign and domestic corporations of like character, and bring them all under the influence of the same law.''

In *Barnes v. Suddard,* 117 Ills. 237, it was said that foreign corporations shall have no other or greater powers than domestic corporations. To the same purport is *Harding v. Amer. Glucose Co.,* 182 Ills. 551, 635.

Whether appellant's construction of this clause is right or wrong is not important in this case. Though the laws of New York conferred upon appellant the right to be a corporation for fifty years, our laws restrict a corporation of like character, if organized here, to a term of twenty years. The right to be, and do business as, a corporation is a franchise. The power to exercise such a franchise is one of the most important a corporation can acquire. And if appellant can do business in this state for more than twenty years, without complying with the extension act, its powers in carrying on that business would be greater than those of similar domestic corporations. Such acts relate strictly to things done subsequent to the creation of the corporation. And the claim that a foreign corporation may prolong its existence beyond the term to which a similar domestic corporation is limited is as clearly untenable under our statute as would be a claim that, because the laws of the state creating it sanction a certain business, a foreign corporation may pursue it here though our laws expressly prohibit it.

It is too clear for argument that if a foreign corporation is permitted to continue its legal existence within this state for more than twenty years, without complying with our statute relating to such extensions, instead of there being that uniformity in the powers, liabilities, duties and restrictions of the two kinds of corporations which it was the object of this clause to secure, a discrimination would be made in favor of the foreign, and against the domestic, corporation. The duties of the foreign, would be less onerous, and its powers greater than those of a domestic, corporation, and this our general assembly never intended.

If, however, the language quoted is not applicable to the facts of the case in hand, or if we had no such provision, we think that appellant could not prolong its corporate existence beyond the period of twenty years,—unless indeed, like domestic corporations, it complies with the extension act,—because that would be contrary to the public policy of our state, which, affirmatively appearing in our legislation, is to restrict domestic corporations, of like character, to twenty years.

It is well settled that a corporation has no implied authority to do any act in a state other than that of its creation. But by the comity that exists beween the different states a foreign corporation may transact its business in another state subject to all the laws and regulations of the latter; yet if it attempts to do that which is contrary to the public policy of the latter state, it will be enjoined therefrom.— 2 Morawetz on Private Corporations (2d ed.) §§ 964, 965 *et seq.;* 2 Cook on Corporations (2d ed.) § 696; *People v. Howard,* 50 Mich. 239; 6 Thompson on Corporations, § 7894; 13 Am. & Eng. Enc. Law (2d ed.) 860.

A corporation organized under the laws of Colo-

rado for the purpose of carrying on mining can exist not to exceed twenty years. If it desires to continue its corporate existence beyond that period, it may do so upon compliance with the statute of 1899, to which we have adverted. Appellant must do likewise. Not having done so at the time.it presented to the secretary of state its annual report for filing, and more than twenty years having elapsed after it was authorized to do business here, the secretary of state was justified in his action; for the right of appellant company to be a corporation and exercise its franchises in this state had terminated, and could be prolonged only by conforming to the act of 1899 which it neglected to do.

The judgment is affirmed.      *Affirmed.*